(No. 38133.—

EDWARD M. GERRITY, Appellee, *vs.* PAUL M. NEHRING, Appellant.

*Opinion filed Nov. 24, 1964.—Rehearing denied Jan. 19, 1965.*

SOLFISBURG, J. took no part.

PAUL M. NEHRING, of DeKalb, *pro se.*

EDWARD M. GERRITY, of Sycamore, *pro se,* and LOWE & RICHARDS, of Aurora, (RALPH E. LOWE, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of DeKalb County entered judgment for the plaintiff for $3500 plus interest in an action brought by Edward M. Gerrity against Paul M. Nehring. The defendant appealed to the Appellate Court. On June 25, 1963, that court dismissed the appeal because the record was not filed within the required time, and on July 19, 1963, it denied the defendant's motion to vacate the order of dismissal. On August 26, 1963, the defendant filed a notice of appeal to this court and on December 23, 1963, he filed in this court a document denominated "Appellant's Brief In Support Of Appeal From Judgment Of Appellate Court Dismissing Appeal And Petition For Leave To Appeal."

The plaintiff has filed a motion to dismiss both the appeal and the petition for leave to appeal for want of jurisdiction. The defendant has appeared *pro se* throughout most of these proceedings, and because his contentions were not presented in an orderly manner and because he charged

misconduct on the part of the plaintiff, other attorneys, and all of the judges who had anything to do with the case, the motion to dismiss was taken with the case so that a careful examination of the record could be made.

While the only issues before this court stem from the dismissal of the appeal by the Appellate Court, the defendant's arguments cover a wide range. He requested and was granted leave to file a report of the proceedings upon a citation proceeding under section 73 of the Civil Practice Act, (Ill. Rev. Stat. 1963, chap. 110, par. 73) and thereafter the plaintiff was granted leave to file a certified copy of the report of proceedings at the original trial. We have carefully examined these records, and in view of the charges that have been made by the defendant, we think it is appropriate to say that we have found no indication of misconduct on the part of the plaintiff or any attorney or judge connected with this action.

This action was brought by the plaintiff, an attorney, to recover for legal services that he rendered to the defendant in connection with litigation in the Tax Court of the United States concerning an asserted deficiency of $15,323.30 in the defendant's income tax for 1950. That litigation was conducted successfully by the plaintiff, and after it was terminated he brought this action to recover the unpaid balance of his fee. The case was tried before the Hon. Roy J. Solfisburg, Jr., without a jury, and at the conclusion of the trial, on November 19, 1959, judgment was entered for the plaintiff in the amount of $3500 plus interest and costs. Defendant's motion to vacate the judgment was continued from time to time, and was denied on October 4, 1962.

Defendant filed his notice of appeal to the Appellate Court on October 24, 1962. On December 12, 1962, the circuit court granted an extension of time to February 28, 1963, for filing the record. On February 28, 1963, the circuit court allowed a further extension to March 15, 1963. On March 25, 1963, the Appellate Court allowed a further ex-

tension to April 30, 1963. On April 27, 1963, defendant moved for a further extension to June 30, 1963. This motion was denied on May 13, 1963. On June 25, 1963, on plaintiff's motion, the Appellate Court dismissed the appeal because the record had not been filed within the time prescribed. (Ill. Rev. Stat. 1963, chap. 110, par. 201.1.) Defendant's motion for reconsideration of the dismissal was denied on July 19, 1963.

An appeal as of right to this court is available when a constitutional question has arisen for the first time in the Appellate Court. It appears to be the theory of the defendant that the Appellate Court's refusal to grant a further extension for filing the record, and its order dismissing the appeal, deprived him of due process of law. Judge Solfisburg, who tried the case, became a member of this Court in June of 1960, and thereafter he was without authority to certify to the correctness of the report of proceedings. But contingencies of this kind are not unusual, and the rules have anticipated and provided for them. The report of proceedings is required to be submitted "to the trial judge or his successor for his certificate of correctness, or if that is impossible because of the absence from the district, sickness or other disability of the judge, then to any other judge of the court  *  *  *." (Ill. Rev. Stat. 1963, chap. 110, par. 201.1.) No circumstances have been shown by the defendant that would convert the Appellate Court's routine application of its rules into a violation of his constitutional rights.

The motion to dismiss the appeal as of right is granted. Defendant's brief will be treated as a petition for leave to appeal (Sup. Ct. Rule 32(6), 28 Ill.2d XXXV,) and so treated it is denied.

*Appeal dismissed; petition for leave to appeal denied.*

Mr. JUSTICE SOLFISBURG took no part in the consideration or decision of this case.